UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALLEN HOON, JR.,

    Plaintiff,
v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 20-11169

Stephanie Dawkins Davis
United States District Judge

Patricia T. Morris
United States Magistrate Judge

**OPINION AND ORDER ACCEPTING AND ADOPTING**
**REPORT AND RECOMMENDATION (ECF NO. 19)**

**I.**  **INTRODUCTION AND PROCEDURAL HISTORY**

Plaintiff Robert Allen Hoon, Jr., filed suit under 42 U.S.C. § 405(g), challenging the Commissioner's denial of supplemental security income benefits under Title XVI of the Social Security Act. Currently before the court is Magistrate Judge Patricia T. Morris's April 14, 2021 Report and Recommendation to grant the Commissioner's Motion for Summary Judgment (ECF No. 17). (ECF No. 19). Hoon filed an objection to the Report and Recommendation. (ECF No. 20).

For the reasons set forth below, the court **OVERRULES** Hoon's objections, **ACCEPTS** and **ADOPTS** the Report and Recommendation, **GRANTS** the

Commissioner's Motion for Summary Judgment, and **AFFIRMS** the findings of the Commissioner.

## II. LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely address them on the merits.

2

*See Pearce*, 893 F.3d at 346. And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

### III.   DISCUSSION

A.   <u>Objection No. 1</u>

Hoon first argues that Judge Morris erred by declining to find that the ALJ committed reversible error in determining that Hoon's insomnia and chronic pain were not severe impairments. (ECF No. 20, PageID.679-682). According to Hoon, this finding is "untenable" because "there is significance in a finding of a severe impairment"; "[b]y definition a severe impairment must have an impact upon an individual's Residual Functional Capacity and a failure to account for a severe impairment in the RFC is error." *Id.* at PageID.680. Hoon claims that occurred here; his chronic pain and insomnia were "not taken into account in the residual functional capacity assessment." *Id.* at PageID.682. The court disagrees.

As Judge Morris correctly noted, the Sixth Circuit has repeatedly explained that "'[t]he fact that some of [a claimant's] impairments were not deemed to be severe at step two is . . . legally irrelevant' where other impairments are found to be severe." *Emard v. Comm'r of Soc. Sec.*, 953, F.3d 844, 852 (6th Cir. 2020) (quoting *Anthony v. Astrue*, 266 Fed. Appx. 451, 457 (6th Cir. 2008)). This is because "[w]hen an ALJ determines that one or more impairments is severe, the ALJ 'must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not severe,'" in assessing a claimant's residual functional capacity. *Fisk v. Astrue*, 253 Fed. Appx. 580, 583 (6th Cir. 2007) (quoting Soc. Sec. Rul. 96–8p, 1996 WL 374184, at *5) (internal quotation marks omitted). "An erroneous finding of nonseverity at step two is therefore harmless where the ALJ properly considers nonsevere impairments at later steps." *Id.*; *see also Maziarz v. Sec'y of Health & Humans Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); *Nejat v. Comm'r of Soc. Sec.*, 359 Fed. Appx. 574, 577 (6th Cir. 2009).

Here, the ALJ found Hoon's "degenerative disc disease, spondylosis, radiculopathy, and herniation of the lumbar spine as well as migraine and obesity" to be severe impairments. (ECF No. 13, PageID.60). In determining his residual functional capacity, the ALJ also noted that he "must consider all of the claimant's impairments, including impairments that are not severe," and that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted

4

as consistent with the objective medical evidence and other evidence." *Id.* at PageID.61). The ALJ determined that Hoon's insomnia did not "impose[] any limitation on basic work activity" because "[t]he claimant stopped complaining of insomnia after he started taking Trazadone before the start of the adjudicatory period." *Id.* at PageID.60-61. While acknowledging that Hoon "testified that pain disturbs his sleep," the ALJ found that "the record does not show that he had insomnia that affected him during the relevant period." *Id.* at PageID.61. Later in its decision, the ALJ also analyzed in detail Hoon's back pain and the resulting limitations for his residual function capacity; in doing so, the ALJ recognized that "[t]he pain disturbs [Hoon's] sleep." *Id.* at PageID.62. In sum, the ALJ found several of Hoon's impairments to be severe; after doing so, the ALJ considered all Hoon's impairments—severe and not—in determining his residual functional capacity. The court agrees, therefore, that even if the ALJ failed to classify Hoon's chronic pain and insomnia as severe, the error was harmless. Accordingly, the court finds no merit to Hoon's first objection.

    B.    <u>Objection No. 2</u>

Hoon next contends that Judge Morris erred by failing to address his argument that the ALJ violated *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018). He points out that in 2016, when his request for benefits was first denied, the ALJ "found Plaintiff to have the RFC to perform only sedentary work."

5

(ECF No. 20, PageID.682). But the current ALJ found Hoon capable of performing work at the light exertional level. *Id.* Thus, the current ALJ "found Plaintiff's RFC to have improved over the roughly three years between the decisions." *Id.* Hoon posits that *Earley* "stands for the proposition that the subsequent ALJ must consider what an earlier ALJ found in order to strive for consistent decision making." *Id.* at PageID.683. But he says here, the ALJ "failed to acknowledge and address the findings by ALJ Marchioro and failed to explain how Plaintiff's condition had in fact improved over the subsequent years." *Id.* at PageID.683. The court again disagrees.

In *Drummond v. Comm'r of Soc. Sec.*, the Sixth Circuit held that, under principles of *res judicata*, "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." 126 F.3d 837, 842 (6th Cir. 1997). Clarifying that holding, the Sixth Circuit in *Earley* held that *res judicata* does not apply to a prior ALJ's findings when a different time period is at issue, and as a result, the prior findings are not binding. 893 F.3d at 933. While a prior ALJ's findings may still be relevant, the second ALJ should give the evidence "fresh review." *Id.* at 934. Furthermore, "while *Earley* was decided after the ALJ issued his decision in this case, *Earley* has retroactive effect under *Chevron Oil v. Huson*,

6

404 U.S. 97 (1971)." *Johnson v. Comm'r of Soc. Sec.*, No. 18-13571, 2020 WL 6939663, at *4 n.2 (E.D. Mich. Nov. 25, 2020).

Although not directly addressing Hoon's *Earley* argument (ECF No. 18, PageID.647-50), Judge Morris recognized that "[t]he ALJ in the current case found Plaintiff could perform a limited range of light work while the last ALJ found Plaintiff could only perform limited sedentary work." (ECF No. 19, PageID.676). Judge Morris also pointed out why the current ALJ found Hoon's condition to have improved—finding no error in the ALJ's analysis. *Id*. Nevertheless, the court will address more fully Hoon's argument.

*Earley* explains that *res judicata* would bar a second application for the same time period if the applicant offers "no cognizable explanation for revisiting the first decision." *Id*. at 933. The case also clarified whether and to what extent *res judicata* principles apply in the following circumstances: (1) where the application covers the same period of time as the prior application but contains new evidence; and (2) where the application is for a new time period altogether that satisfies a new regulatory threshold. *Earley* found that *res judicata* principles do not preclude the SSA from giving a "fresh look to a new application [1] containing new evidence or [2] satisfying a new regulatory threshold that covers a new period of alleged disability while being mindful of past rulings and the record in prior proceedings." *Id*. at 931.

7

In this case, while Hoon's alleged onset date in the second application is the same as the alleged onset date in the first application, the alleged disability period for an SSI claim begins on the application date, not the alleged onset date. (ECF No. 13, PageID.66 (the current decision covers time period from 2/1/17-3/11/19); ECF No. 13, PageID.104 (the first decision covers time period from 9/13/13-1/13/16); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) ("The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after [his] application date."). Thus, Hoon's second application is not subject to the outright bar of *res judicata*. Instead, Hoon's current application is for a new period of time, for which he may "obtain independent review … so long as [he] presents evidence of a change in condition or satisfies a new regulatory threshold." *Earley* , at 932. While Hoon does not satisfy a new regulatory threshold – he was considered a "younger individual" pursuant to 20 C.F.R. § 416.963 for both application periods – he does present new evidence of a change in condition. (ECF No. 13, PageID.65, 103). The problem addressed in *Earley* was that ALJs were considering previous decisions without engaging in "fresh review." Still, the court in *Earley* rejected the Administration's argument that an ALJ "should completely ignore earlier findings," explaining that "[f]resh review is not blind review." 893 F.3d at 934. It underscored that "[a] later

8

administrative law judge *may* consider what an earlier judge did if for no other reason than to strive for consistent decision making." *Id.* (emphasis added).

Here, while the ALJ did not mention the *Earley* decision, he stated that he had "complied with *Drummond* and *Dennard* but new evidence and changes in policy support a change in findings." (ECF No. 13, PageID.58). The ALJ later explained that "[a]lthough the prior ALJ found that the claimant was limited to a sedentary range of exertion, the current records support that he is actually capable of performing a range of light exertional activity." *Id.* at PageID.64. In doing so, the ALJ noted that "[s]ince the start of the adjudicatory period, the claimant has taken the same medication for the same alleged symptoms with very little need for adjustments" and that his pain management specialists "did not document physical examination findings" and "kept repeating that the claimant was stable." *Id.* The ALJ also noted that "examination findings made by Dr. Laynes were normal showing normal gait, strength, range of motion, reflexes, and sensation." *Id.* Moreover, the ALJ underscored that Hoon's "physical therapy notes from 2018 show that [he] improve[d] with treatment" and that he reported regularly exercising; the ALJ found that this "conflict[ed] with his testimony that he does very little due to back pain." *Id.* The ALJ also made a new finding that Hoon was obese, creating "additional environmental and postural limitations." *Id.* Therefore,

9

while finding that Hoon could perform light exertional activity, the ALJ also determined that he could not, for example, "climb ladders, ropes, or scaffolds." *Id.*

In sum, as required by *Earley*, the ALJ was mindful of the prior ALJ's determination and gave Hoon's evidence in support of his new claim the appropriate "fresh review." Although the ALJ did not arrive at the outcome Hoon would have liked, he did not err as a matter of law. As a result, Hoon's second objection is also without merit.

## IV.   CONCLUSION

For the reasons set forth in this opinion, the court **OVERRULES** Hoon's objections, **ACCEPTS** and **ADOPTS** the Report and Recommendation, **GRANTS** the Commissioner's Motion for Summary Judgment, and **AFFIRMS** the findings of the Commissioner.

**IT IS SO ORDERED**.

Date: September 29, 2021

s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States District Judge